UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BENNY F. HUBBARD,

        Plaintiff,                Case No. 1:07-cv-379

v.                                    Honorable Richard Alan Enslen

ARCHIE L. HAYMAN, *et al.*,

                                        **ORDER FOR PARTIAL DISMISSAL**
        Defendants.                **AND TRANSFER**
_____/

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, MI. Plaintiff sues Genessee County Circuit Judge Archie. L. Hayman and the State of Michigan. In his *pro se* Complaint, Plaintiff alleges that Mich. Comp. Laws § 600.2963 is unconstitutional because he is required to pay a partial filing fee and Plaintiff asserts that he "should not be liable for fees [and] costs." (Compl. at 1.)

        Plaintiff may not maintain a § 1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874,

877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the State of Michigan is immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Courtemanche v. Gregels*, No. 03-1369, 2003 WL 22435652, *1 (6th Cir. 2003); *Chumpia v. Mich. State Univ.*, No. 97-2064, 1998 WL 708762, at *2 (6th Cir. 1998). In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the State of Michigan.

The remaining Defendant is Genessee County Circuit Judge Archie. L. Hayman and the events giving rise to Plaintiff's action occurred in Genessee County. Genessee County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a).

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Defendant is a public official serving in Genessee County, and he "resides" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Plaintiff's allegations against Judge Hayman arose in Genessee County, where Defendant allegedly committed the acts giving rise to this case. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979). In these circumstances, venue is proper only in the Eastern District. Therefore:

**IT IS HEREBY ORDERED** that Defendant State of Michigan is **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a).

Dated in Kalamazoo, MI:                     /s/Richard Alan Enslen
July 3, 2007                                     Richard Alan Enslen
                                                   Senior United States District Judge